# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 24-1711V**

|  |  |
|---|---|
| GEORGE WARD,<br><br>           Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>           Respondent. | Chief Special Master Corcoran<br><br>Filed: February 25, 2026 |

*David John Carney, Green & Schafle LLC, Philadelphia, PA, for Petitioner.*

*Sarah Black Rifkin, U.S. Department of Justice, Washington, DC, for Respondent.*

**<u>DECISION ON ATTORNEY'S FEES AND COSTS</u>**[1]

On October 22, 2024, George Ward filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration following an influenza vaccination he received on October 13, 2022. Petition, ECF No. 1. On October 20, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 19.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $28,825.63 (representing $27,549.50 in fees plus $1,276.13 in costs). Application for Attorneys' Fees and Costs ("Motion") filed December 16, 2025, ECF No. 25. Furthermore, Petitioner filed a signed statement that no personal out-of-pocket expenses were incurred. ECF No. 25 at 46.

Respondent reacted to the motion on December 22, 2025, representing that he is satisfied the statutory requirements for an award of fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Response at 2, 4. ECF No. 26. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed by attorney David Carney through 2025 are reasonable and consistent with our prior determinations and will therefore be awarded herein.

Petitioner has also requested that I apply an hourly rate of $350.00 for work performed in 2025 by attorney Matthew B. Bernstein. Petitioner represents that Mr. Bernstein has been a licensed attorney since 2019, and was admitted to the Court in 2025. He has approximately six years of legal experience prior to focusing his practice on representing petitioners in the Vaccine Injury Compensation Program at Green & Schafle, LLC. I find this requested rate to be reasonable, and it shall be awarded herein. And all time billed to the matter was reasonably incurred.

Additionally, Petitioner requests $1,276.13 in overall costs. ECF No. 25 at 26. Such costs reflect the expenses of obtaining medical records and the Court's filing fee. I have reviewed the requested costs but find that Petitioner's counsel has not substantiated some of the requested costs with the required documentation, such as an invoice or proof of payment.[3] Before reimbursement of costs will be made, sufficient supporting documentation, such as invoices, receipts, and billing statements, must be provided. See Guidelines for Practice Under the National Vaccine Injury Compensation Program at 72-74 (emphasis added).[4]

When Petitioners fail to provide appropriate documentation to substantiate a requested cost, special masters have refrained from awarding the relevant sum. *See,*

---

[3] Medical Records/Billing Invoice dated 8/14/2024 in the amount of $132.80 is listed twice on the cost sheet and included twice in the total cost amount.  However, only one receipt is present.

[4] The guidelines for Practice Under the National Vaccine Injury Compensation Program can be found at: https://www.uscfc.uscourts.gov/guidelines-practice-under-national-vaccine-injury-compensation-program

2

e.g., *Gardner-Cook v. Sec'y of Health & Hum. Servs*., No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005). Accordingly, I will disallow reimbursement for all unsubstantiated costs herein. **This results in a reduction of $132.80**.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $28,692.83 (representing $27,549.50 in fees plus $1,143.33 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.